FILED
SCRANTON

DEC 1 9 2011

PER M. 6. P.
DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

HIRAM R. JOHNSTON, JR.,

  Petitioner,

v.

B. COLLINS, et al.,

  Respondents.

Case No. 3:11-CV-01659

(Judge Kosik)

## MEMORANDUM

Petitioner, Hiram R. Johnston, a Pennsylvania state inmate, initiated this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and 28 U.S.C. § 2241[1], challenging pending charges against Petitioner in New Jersey, his transfer to Pennsylvania, his parole revocation in Pennsylvania, and New Jersey detainer lodged against Petitioner. (Doc. 1). On November 17, 2011, Magistrate Judge Smyser issued a Report and Recommendation ("R&R") recommending that the petition be dismissed for failure to exhaust state remedies. (Doc. 6). Currently before the Court are Petitioner's Objections to the Report and Recommendation of the Magistrate Judge. (Doc. 7). For the reasons which follow, we will adopt the R&R and dismiss the petition without prejudice[2].

### Background & Procedural History

Petitioner was originally convicted of robbery, aggravated assault, and conspiracy in the Commonwealth of Pennsylvania and sentenced to twenty (20) to forty (40) years. (Doc. 1, p. 6). After serving 22 years, Petitioner was transferred to the New Jersey Department of Corrections after being released on parole to a New Jersey parole violation detainer. (*Id.*).

---

[1] Petitioner originally brought this action pursuant to 28 U.S.C. § 2254. While Petitioner's challenge to his parole revocation in Pennsylvania is correctly brought pursuant to this statute, the pending charges in New Jersey are properly brought under 28 U.S.C. § 2241.

[2] Petitioner also filed a Motion for Evidentiary Hearing, (Doc. 2), which shall be denied because the habeas petition will be dismissed.

Petitioner was eventually released from confinement under the dual supervision of New Jersey and Pennsylvania. (*Id.* at 7). On June 19, 2010, Petitioner was arrested in New Jersey on charges of terroristic threats and criminal mischief filed against him by his wife. (*Id.*). Petitioner's wife also had a temporary restraining order against Petitioner. (*Id.*). Petitioner was again arrested on June 23, 2010 for allegedly violating the restraining order. (*Id.* at 7-8). Petitioner was eventually returned to Pennsylvania and transferred to SCI-Graterford via the Pennsylvania Board of Probation and Parole. (*Id.* at Ex. H-3). Petitioner had his parole revoked in Pennsylvania and the New Jersey charges are still pending. (*See id.*).

### Standard of Review

**I. Petitioner's Objections to the Report and Recommendation**

When objections are filed to a report and recommendation of a magistrate judge, we review de novo the portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); *see Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). Written objections to a report and recommendation must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local R. 72.3. We may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); M.D. Pa. Local R. 72.3. Although our review is de novo, we are permitted to rely upon the magistrate judge's proposed recommendations to the extent that we, in the exercise of sound discretion, deem proper. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980); *see also Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

**II. Exhaustion**

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973). This includes habeas corpus petitions challenging the revocation of parole and confinement. See *Coady v. Vaughn*, 251 F.3d 480 (3d Cir. 2001). A habeas corpus

petition pursuant to 28 U.S.C. § 2241 is the proper mechanism for challenges that exist before judgment is rendered in a state court criminal proceeding. *Moore v. DeYoung*, 515 F.2d 437, 442 (3d Cir. 1975). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-8 (1991).

Before a federal court can review the merits of a state prisoner's habeas petition, it must determine whether the petition has met the requirements of exhaustion. Relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)[3]. The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *See Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000).

To satisfy the exhaustion requirement, a federal habeas petitioner must have presented the facts and legal theory associated with each claim through "one complete round of the State's established appellate review process."[4] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *see also Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004). The exhaustion requirement is satisfied if a petitioner's claims are either presented to the state courts directly on appeal from the judgment of sentence, or through a collateral proceeding, such as a PCRA petition. *Swanger v. Zimmerman*, 750 F.2d 291, 195 (3d Cir. 1984). It is not necessary for a

---

[3] "Although there is a distinction in the statutory language of §§ 2254 and 2241, there is no distinction insofar as the exhaustion requirement is concerned." *Moore v. DeYoung*, 515 F.2d 437, 442 (3d Cir. 1975).

[4] Pursuant to Pennsylvania Supreme Court Order 218, effective May 9, 2000, issues presented to the Pennsylvania Superior Court are considered exhausted for the purpose of federal habeas corpus relief under Section 2254. *See In re: Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, No. 218, Judicial Administration Docket No. 1 (May 5, 2000)(per curiam). As such, petitioners are not required to seek review from the Pennsylvania Supreme Court in order to give the Pennsylvania courts a "full opportunity to resolve any constitutional claims." *Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004).

petitioner seeking federal habeas relief to present his federal claims to state courts both on direct appeal and in a PCRA proceeding. *Id.* However, a petitioner is not deemed to have exhausted the remedies available to him if he has a right under the state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c); *Castille v. Peoples*, 489 U.S. 346, 350 (1989). The petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement. *Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000) (*citing Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997)).

## Discussion

### I. Parole Revocation by Pennsylvania

Petitioner's habeas petition pursuant to 28 U.S.C. § 2254 is challenging his parole revocation in Pennsylvania. However, as the Magistrate Judge points out, Petitioner is required to exhaust all available state remedies before filing a petition for habeas corpus under this statute. (Doc. 6); *See also* 28 U.S.C. § 2254(b)(1). In order to exhaust a claim regarding the revocation of parole in Pennsylvania, a prisoner must seek administrative review of his claims by filing an appeal with the Pennsylvania Board of Parole and Probation, then he must file a Petition for Review with the Pennsylvania Commonwealth Court, and finally he must filed a petition for allowance of appeal in the Pennsylvania Supreme Court, or seek any further relief. *See* 37 Pa. Code § 73.1; 42 Pa.C.S.A. § 763(a); *see also Williams v. Wynder,* 232 Fed. Appx. 177, 178 (3d Cir. 2007). Petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement. *See Lines,* 208 F.3d at 159.

A review of the petition shows that Petitioner's attorney sent a letter to the Pennsylvania Board of Probation and Parole in lieu of a formal appeal to appeal the revocation of parole and that Petitioner made a formal request for administrative relief with the Board[5].

---

[5]Attached to Petitioner's petition is the Notice of Board Decision from the Commonwealth of Pennsylvania Board of Probation and Parole, (Doc. I), informing Petitioner of the decision to recommit in his case, and the two requests for administrative relief, (Doc. J, K), referred to above. However, Petitioner has not provided us with any

4

(Doc. 1, Exs. J, K). Petitioner has failed to show that he sought review in the Pennsylvania Commonwealth Court or that he filed for a petition for allowance of appeal in the Pennsylvania Supreme Court. Thus, Petitioner has not exhausted his state remedies in regards to his parole revocation. Petitioner's objections that this is an exceptional case because it involves a complete miscarriage of justice[6] is not persuasive. (*See* Doc. 7). The petition falls outside the limits of the "extraordinary circumstances" exception to pre-exhaustion federal habeas relief[7]. *See Moore,* 515 F.2d at 447. Though we are sympathetic to Petitioner's frustrations, the Commonwealth of Pennsylvania must still be given a chance to review any and all federal and state claims Petitioner has in regards to his parole revocation.

## II. Pending Criminal Proceeding in New Jersey

Petitioner's habeas petition pursuant to 28 U.S.C. § 2241 is challenging the pending criminal proceeding in New Jersey. The Magistrate Judge recommends that the petition be dismissed because Petitioner failed to exhaust the remedies under the Interstate Agreement on Detainers and the remedies of the state where the charges are pending. (Doc. 6). When deciding whether a federal court should ever grant a pretrial writ of habeas corpus to a state prisoner, the Third Circuit has held:

(1) federal courts have "pre-trial" habeas corpus jurisdiction;

---

further information to show exhaustion through the Pennsylvania courts.

[6]Petitioner alleges this miscarriage includes Petitioner never being afforded an opportunity to be heard or an initial hearing on the charges, which resulted in the Pennsylvania parole authorities lodging the detainer against him; Petitioner being extradited to Pennsylvania without his New Jersey charges being disposed of; a conspiracy between Pennsylvania and New Jersey authorities to frustrate state and federal laws; bad faith on the part of Pennsylvania's authorities; and various other constitutional and procedural violations. (*See* Doc. 7).

[7]"Extraordinary circumstances," which would justify pre-exhaustion federal habeas relief may include a quality of delay, harassment, bad faith, and other intentional activity in appropriate situations. *See Moore,* 515 F.2d at fn. 12. It may also apply in situations "where jurisdiction is lacking for the state to bring any criminal charges against the petitioner." *Id.* at 447.

5

(2) that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present (internal citations omitted);

(3) where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted stated remedies. (internal citations omitted).

*Moore,* 515 F.2d at 443.

Petitioner admits that he has not exhausted his claims, but insists that this "case involves 'exceptional circumstances' amounting to 'a fundamental defect which inherently resulted in a complete miscarriage of justice.'" (Doc. 1, p. 20 (internal citations omitted)). The exceptional circumstances Petitioner alleges in regards to the pending criminal proceeding in New Jersey include issues with the validity of detainer lodged against him by New Jersey; the untried indictment and criminal complaints; denial of a speedy trial and other constitutional and procedural violations; claims that New Jersey illegally arrested Petitioner without probable cause; failure to provide Petitioner with a pre-transfer hearing; bad faith and retaliation by New Jersey (including the use of pretext); preemption of federal law; disparate treatment; violations concerning anti-shuttling provisions; and that all of this behavior amounts to conscious-shocking, egregious conduct. (Doc. 1). Petitioner's objections to the Magistrate Judge's recommendation consist of a reiteration of these issues. (Doc. 7). Petitioner seems to have experienced some delay and he alleges that New Jersey has acted in bad faith, however, the allegations do not seem to be extreme enough to rise to the level of exceptional circumstances. The claims discussed above, if true, would still not amount to the exceptional circumstances needed to allow us to exercise jurisdiction without the required state exhaustion.

Further, Petitioner has failed to show any effort on his part to begin exhausting his remedies in New Jersey[8]. We find that it would be inappropriate for us to interfere with the

---

[8]The only thing attached to Petitioner's petition in regards to his appeals process in New Jersey is a Nunc Pro Tunc Notice of Appeal appealing the final restraining order. (Doc. U).

6

New Jersey charges, without giving New Jersey the opportunity to hear the federal and state claims Petitioner is raising. Petitioner has New Jersey remedies, as well as remedies under the Interstate Agreement on Detainers, available to him. *See Grant v. Hogan,* 505 F.2d 1220 (3d Cir. 1974). Finally, Petitioner was made aware of the exhaustion requirement before filing this claim in the Middle District of Pennsylvania, and he seems to be refusing to make any effort to comply with it. *See Johnston v. Warden, et al.* (Civil Action No. 10-3776 filed in the United States District Court, District of New Jersey). Again, while we sympathize with Petitioner's frustrations, these frustrations do not permit him to flout the requirements necessary for the granting of a federal habeas corpus petition.

## Conclusion

We adopt the Magistrate Judge's Report and Recommendation and dismiss the § 2254 petition and the § 2241 petition for failure to exhaust. Petitioner has multiple remedies available to him in the state courts and he should seek out these remedies before attempting to return to the federal courts.

---

Petitioner has not provided us with any further information of the outcome of this appeal.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

HIRAM R. JOHNSTON, JR.,

    Petitioner,

v.

B. COLLINS, et al.,

    Respondents.

Case No. 3:11-CV-01659

(Judge Kosik)

## ORDER

AND NOW, this 19th day of December, 2011, IT IS HEREBY ORDER THAT:

(1)    The Report and Recommendation of Magistrate Judge J. Andrew Smyser (Doc. 6) is ADOPTED;

(2)    Petitioner's List of Objections (Doc. 7) to the Magistrate Judges R&R are OVERRULED;

(3)    Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is DISMISSED WITHOUT PREJUDICE;

(4)    Petitioner's Motion for Evidentiary Hearing (Doc. 2) is DENIED;

(5)    The Clerk of Court is directed to CLOSE this case, and to FORWARD a copy of the Memorandum and Order to the Magistrate Judge; and

(6)    Based on the court's conclusions herein, there is no basis for the issuance of a certificate of appealability.

Edwin M. Kosik
United States District Judge